UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KEESHA SIMMONS,<br><br>**Plaintiff,**<br><br>v.<br><br>**NEW HORIZONS COMMUNITY CHARTER SCHOOL, RHONDA WILSON, YASHMINE COOPER, TOM OMWEGA, JOHN DOES 1-10, and Z AND Y CORPORATIONS,**<br><br>**Defendants.** | Civil Action No.: 2:20-cv-00196-WJM-MF<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This *qui tam* action arises out of allegedly improper and excessive payments made by Defendant New Horizons Community Charter School ("New Horizons") to Defendants Rhonda Wilson, Yashmine Cooper, and Tom Omwega (the "Individual Defendants" and, together with New Horizons, the "Defendants"). This matter comes before the Court on Defendants' motion to dismiss. ECF No. 8. For the reasons set forth below, the motion is **GRANTED**, except as to prejudice.

I.     BACKGROUND

    A. Factual Background[1]

Plaintiff Keesha Simmons ("Plaintiff") is a New Jersey resident and former employee of New Horizons. Compl. ¶¶ 8, 15. Defendant New Horizons, a New Jersey non-profit organization, is a public charter school that serves the residents of Newark, New Jersey. *Id.* ¶ 14. New Horizons receives funding from both the United States government and the New Jersey state government to pay its operating costs and expenses, including the payment of administrators' and employees' wages, salaries, stipends and bonuses. *Id.* During the relevant time period, Individual Defendants Wilson, Cooper, and Omwega were employees of New Horizons, holding positions of Chief School Administrator, Assistant Principal, and School Business Administrator, respectively. *Id.* ¶ 12.

---

[1] The following facts, taken from the Complaint, are accepted as true for the purpose of this Opinion.

Beginning on or around February 2018, Plaintiff was hired by New Horizons as a Human Resources Coordinator. *Id.* ¶ 15. During the course of Plaintiff's employment with New Horizons, Plaintiff became aware of payments made by New Horizons to each of the Individual Defendants that were allegedly based on timesheets falsified by each of the Individual Defendants. *Id.* ¶¶ 17-18.

Upon learning of the falsified timesheets and the excessive payments made by New Horizons to the Individual Defendants as a result thereof, Plaintiff complained on several occasions to her superiors, including most recently on or about May 15, 2019. *Id.* ¶ 19. Plaintiff also participated in the drafting of a letter to the New Jersey Department of Education complaining of the alleged falsified timesheets and resulting overpayments. *Id.* ¶ 20.

On or about June 28, 2019, approximately one month after Plaintiff's final complaint to her superiors, Plaintiff was terminated by New Horizons, effective July 31, 2019.

### B. Procedural History

On January 6, 2020, Plaintiff filed her three-count complaint (the "Complaint"), alleging that the excessive payments made by New Horizons to the Individual Defendants as a result of falsified time sheets violated the False Claims Act, 31 U.S.C. 3729 *et seq.* (the "FCA") and the New Jersey False Claims Act, N.J.S.A. § 2A:32C-1, *et seq.* (the "NJFCA"), and that Plaintiff was terminated from her employment with New Horizons in retaliation for complaining of such excessive payments in violation of New Jersey's Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq.* ("CEPA"). ECF No. 1. Pursuant to 31 U.S.C. § 3730(b)(2) and N.J.S.A. § 2A:32C-5(d), the Complaint was filed under seal and was served, along with all material evidence, on the Attorney General of the United States and the Attorney General of the State of New Jersey, respectively. ECF No. 3.

As required by both the FCA and NJFCA, the Complaint remained under seal for sixty (60) days while both the United States and New Jersey decided whether to intervene. On May 4, 2020, one hundred and eleven (111) days after the Court granted Plaintiff's motion to file the Complaint under seal, Plaintiff filed an ex parte motion to lift the seal and permit service of the Complaint on the Defendants. ECF No. 4. Because more than sixty (60) days had elapsed since the Complaint had been sealed and served on the United State and New Jersey governments, and no oppositions from either had been filed, the Court granted Plaintiff's motion. ECF No. 5. Now before the Court is Defendants motion to dismiss each of the three counts raised in the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## II.     LEGAL STANDARD

FRCP 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In

deciding a motion to dismiss under FRCP 12(b)(6), "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III.     DISCUSSION

Defendants move to dismiss each of the three counts asserted in the Complaint. The Court addresses each of the counts in turn.

#### A.     Count 1– False Claims Act

Defendants advance two principal arguments in support of their motion to dismiss Plaintiff's claim under the FCA: (1) Plaintiff has failed to establish that she complied with all the procedural requirements necessary to bring FCA and NJFCA claims against Defendants; and (2) Plaintiff has failed to satisfy the heightened pleading requirements for fraud claims under FRCP 9(b). The Court agrees that Plaintiff has failed to sufficiently plead a plausible FCA claim.

"The FCA prohibits the submission of false or fraudulent claims for payment to the United States and authorizes *qui tam* actions, by which private individuals may bring a lawsuit on behalf of the government in exchange for the right to retain a portion of any resulting damages award." *United States ex rel. Jersey Strong Pediatrics, LLC v. Wanaque Convalescent Ctr.*, No. 14-6651-SDW-SCM, 2017 WL 4122598, at *2 (D.N.J. Sept. 18, 2017) (quotations omitted). To state a claim under the FCA, a plaintiff must adequately allege that "(1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false of fraudulent." *United States ex rel. Schmidt v. Zimmer, Inc.*, 386 F.3d 235, 242 (3d Cir. 2004) (quotations omitted). A claim is false within the meaning of the FCA where a defendant either "misrepresents what goods or services that it provided to the Government" – a "factually false" claim – or "does not comply with a statute or regulation the compliance with which is a condition for Government payment" – a "legally false" claim. *Druding v. Care Alternatives, Inc.*, 164 F. Supp. 3d 621, 627 (D.N.J. 2016).

In addition, claims brought under the FCA must satisfy the heightened pleading requirements for fraud claims under FRCP 9(b). *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 306-07 (3d. Cir. 2016). "Rule 9(b) requires

3

plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 788, 791 (3d. Cir. 1984). In the context of FCA claims, although a plaintiff is not required to identify a specific false claim, she must "provide particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 155–58 (3d Cir. 2014). A plaintiff may satisfy this standard in one of two ways: "(1) by pleading the date, place, or time of the fraud;' or (2) using an 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *United States v. Loving Care Agency, Inc.*, 226 F. Supp. 3d. 357, 363 (D.N.J. 2016) (quotations omitted).

Here, Plaintiff alleges that (1) New Horizons receives both federal and state funding for their operating costs, including salaries, Compl.¶¶ 14, 22; (2) each of the Individual Defendants submitted falsified time sheets to New Horizons in order to receive excessive or improper compensation, Compl. ¶¶ 17-18, 22; (3) Plaintiff learned of this behavior during the course of her employment with New Horizons, Compl. ¶ 17; and (4) Plaintiff complained to her supervisors and drafted a letter to the New Jersey Department of Education regarding the Individual Defendants' conduct, Compl. ¶¶ 19-20. These allegations, however, are insufficient to satisfy the heightened pleading standard applicable to Plaintiff's FCA claim.[2]

At the outset, Plaintiff has not provided any factual allegations that plausibly suggest false or fraudulent claims were submitted either to New Horizons or to the government. For example, although Plaintiff pleads that she "became aware of certain illegal and wrongful conduct" regarding New Horizons's payments to the Individual Defendants "[d]uring the course of her employment," Compl. ¶ 17, Plaintiff does not indicate, even by rough approximation, when the alleged fraud took place or for how long, how the Individual Defendants' timesheets were falsified, or how, as a human resources coordinator for New Horizons, Plaintiff learned of the scheme. Moreover, in the very next paragraph of the Complaint, Plaintiff simply alleges "upon information and belief" that the Individual Defendants "submitted falsified time sheets and/or otherwise caused New Horizons to pay them wages, stipends bonuses, and/or other excessive remuneration by improper means." Compl. ¶ 18. While Plaintiff may plead on information and belief in the Rule 9(b) context "[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control," *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002), no such showing has been made in this case. *See United States ex*

---

[2] Plaintiff does not attempt to explain whether these allegations are made in support of a factually false or legally false FCA claim. However, because Plaintiff has not identified any statute or regulation with which Defendants have falsely certified compliance as a condition of payment of federal funds, the Court finds that Plaintiff has failed to state an FCA claim under a theory of legal falsity. *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 305 (3d Cir. 2011).

*rel. Bartlett v. Tyrone Hosp'l, Inc.*, 234 F.R.D. 113, 121 (D.N.J. 2006) (noting that pleading on information and belief in Rule9(b) context requires statement of efforts to obtain necessary information and what facts provide basis for allegations). Indeed, even if the Court assumed Plaintiff did make this requisite showing, Plaintiff's "boilerplate and conclusory allegations" that the Individual Defendants submitted falsified timesheets in order to receive "excessive remuneration," without any corresponding allegations as to how or in what way such timesheets were allegedly falsified or such remuneration was excessive, does not suffice and fails to "make 'factual allegations that make [her] theoretically viable claim plausible.'" *United States v. Eastwick College*, 657 F. App'x 89, 95 (3d Cir. 2016).

Likewise, Plaintiff has failed to adequately allege a sufficient "nexus between the alleged fraud and the government funds." *Garg v. Covanta Holding Corp.*, 478 F. App'x 736, 741 (3d Cir. 2012). Plaintiff's allegation that New Horizons receives federal funding is insufficient to plausibly establish that government funds were in fact used to pay fraudulent claims. Plaintiff has not alleged how New Horizons receives its federal funding, either by describing the specific funding program(s) or by generally describing the nature and basis of such funding, what portion of its funding comes from the federal government, or how New Horizons uses such funding. It is thus entirely unclear whether the alleged submission of falsified timesheets by the Individual Defendants had any effect on the amount or use of New Horizons' federal funding by, for example, inflating the amount of such funding New Horizons would have received without the alleged fraud. *See United States ex rel. Portilla v. Riverview Post Acute Care Ctr.*, No. 12-1842 (KSH), 2014 WL 1293882, at *15-16 (D.N.J. Mar. 31, 2014) (dismissing factually false FCA claim where plaintiff failed to allege causal chain between false statements and increase in payout of federal funds). Without this factual detail, Plaintiff has, at best, established that New Horizons itself was paying inflated sums to the Individual Defendants out of its general operating funds, some undefined portion of which happened to come from the federal government. *See Garg*, 478 F. App'x at 742 (affirming dismissal of FCA claim where, with or without defendant's alleged fraud, the federal treasury "would be in the same position").

In short, Plaintiff has failed to allege with sufficient particularity both the underlying facts concerning the alleged fraudulent activity as well as the causal connection between the alleged fraudulent activity and payments made by the federal government. Accordingly, Count 1 of the Complaint for violations of the federal False Claims Act is **DISMISSED**, without prejudice.

### B. Counts 2 and 3 – New Jersey False Claims Act and Conscientious Employee Protection Act

Plaintiff's remaining claims are state law claims under the NJFCA and CEPA. However, the Court has determined that Plaintiff's sole federal claim under the FCA must be dismissed, and because this case is only at the pleading stage, the Court declines to exercise supplemental jurisdiction over Plaintiff's NJFCA and CEPA claims. *United States v. Medco Health Sys., Inc.*, No. 12-522 (NLH), 2013 WL 6858758, at *9 (D.N.J. Dec. 30,

2013). Plaintiff's state law claims under the NJFCA and CEPA in Counts 2 and 3 of the Complaint, respectively, are therefore **DISMISSED**, without prejudice.

### C. Leave to Amend

Defendants move to dismiss Plaintiff's claims with prejudice "because [Plaintiff] offers no reason why leave to amend would be appropriate." Mot. at 11. The Court disagrees.

Regardless of whether a plaintiff specifically seeks leave to amend their complaint, the Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Here, amendment of the Complaint would not necessarily be futile because Plaintiff could add sufficient factual allegations to satisfy the heightened pleading standards of Rule 9(b) with respect to her FCA claim by including allegations describing the particular circumstances of the alleged fraudulent activity and showing how such allegedly fraudulent activity resulted in the submission of fraudulent claims to the government. Nor would leave to amend result in any undue delay or prejudice against Defendants. Therefore, Defendants' motion to dismiss the Complaint with prejudice is **DENIED**, and Plaintiff shall be granted leave to amend her Complaint.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**, except as to prejudice. An appropriate order follows.

/s/ *William J. Martini*

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 28, 2020**